UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEDRIC GREENE and KATRICE CYPHERS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | CASE NO. C19-0129-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs Cedric Greene and Katrice Cyphers' complaint (Dkt. No. 6), motion to partially withdraw Cyphers as a named Plaintiff (Dkt. No. 4), and motion to change venue (Dkt. No. 8). On February 7, 2019, United States Magistrate Judge Mary Alice Theiler granted Plaintiff Cedric Greene's motion to proceed *in forma pauperis* ("IFP").[1] (Dkt. No. 5.) After approving Green's IFP application, Judge Theiler noted:

> [T]his matter should be reviewed under 28 U.S.C. § 1915(e)(2)(B). *See Greene v. United States Postal Serv.*, No. 18-1345, 2018 U.S. App. LEXIS 35372 (10th Cir. 12, 2018) (addressing identical claim and noting filing restrictions placed on Greene by the Tenth Circuit, Ninth Circuit and a number of district courts).

(*Id.* at 1.) Prior to ordering service of an IFP complaint, the Court must dismiss the complaint if

---

[1] As Judge Theiler noted, Plaintiff Katrice Cyphers did not submit an IFP application. (Dkt. No. 5 at 1.) Judge Theiler overlooked that deficiency because of Plaintiffs' pending motion to withdraw Cyphers as a named Plaintiff. (*Id.*) (citing Dkt. No. 4.)

ORDER
C19-0129-JCC
PAGE - 1

it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must liberally construe the allegations contained in a *pro se* complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

The complaint alleges that the United States Postal Service is liable to Mr. Green's five-year-old grandson for intentional infliction of emotional distress.[2] (Dkt. No. 6 at 2.) In June 2018, Mr. Green mailed his grandson a birthday card containing $50. (*Id*.) Mr. Green alleges that on June 14, 2018, he was informed that the birthday card "was delivered in damaged condition because it was cut open and the money they had sent to their grandson was removed." (*Id*.) Mr. Green alleges that the following day his grandson received another birthday card in the mail that had been "tampered with for the simple fact that delivered in damaged condition, because it was cut open." (*Id*.) The complaint alleges that Mr. Green's grandson was "the victim of theft from the United States Postal Service," and that this conduct amounted to intentional infliction of emotional distress. (*Id*. at 3.)

Mr. Greene does not allege that he was personally harmed by Defendant. (*See id.* at 2.) ("[T]his is a matter that is not about Mr. Greene or Ms. Cyphers. It's about a five year old being victimized on consecutive days.") The complaint also acknowledges that "[t]he Tenth Circuit and its District Court found that Greene would not be able to speak on behalf of a minor in Federal Court." (*Id*.) Notwithstanding this prior ruling, Mr. Greene states that because the minor in this case is his grandson, "we are collectively joining each other in the submission of a cause of action civil complaint for 'intentional infliction of emotional distress.'" (*Id*.)

The complaint fails to state a claim upon which relief can be granted. A non-lawyer is not allowed to appear as an attorney for anyone other than himself or herself. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). That is true even when a *pro se* plaintiff is a

---

[2] The record suggests that Ms. Cyphers is the minor victim's mother and Mr. Greene's daughter-in-law. (*See* Dkt. Nos. 4, 6, 8.)

parent attempting to bring a lawsuit on behalf of his or her minor child. *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (holding that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). Neither Mr. Greene nor Ms. Cyphers, who are proceeding *pro se*, can represent the minor victim. This is the exact conclusion reached by the Tenth Circuit when it reviewed Mr. Greene's claim. *See Greene v. U.S. Postal Serv.*, No. 18-1345, 2018 U.S. App. LEXIS 35372 (10th Cir., 2018).

The Court further finds that appointment of counsel would be inappropriate in this case. In civil cases, the decision to appoint *pro bono* counsel rests with "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (internal quotation marks omitted) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

The Court finds that Mr. Greene's grandson, even if represented by counsel, would be unlikely to succeed on his claim of intentional infliction of emotional distress. The elements of an intentional infliction of emotional distress claim are: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1110 (Wash. 2015) (internal quotation marks omitted). Washington courts characterize extreme and outrageous conduct as "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Dicomes v. State*, 782 P.2d 1002, 1012 (Wash. 1989).

The complaint does not plausibly allege that Defendant engaged in outrageous conduct. Although, the complaint alleges the minor victim was the "victim of mail tampering," there are no allegations that suggest Defendant was responsible for the misconduct alleged. Nor does the

ORDER
C19-0129-JCC
PAGE - 3

complaint contain facts that suggest the minor victim suffered severe emotional distress from the alleged mail tampering. For those reasons, the Court declines to appoint *pro bono* counsel to represent the minor victim in this case.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES Plaintiff's complaint without prejudice.[3] Mr. Green also filed a motion asking the Court to transfer venue of this case to the Tenth Circuit Court of Appeals. (Dkt. No. 8.) The Court DENIES that motion because the Tenth Circuit has already entered a mandate affirming the dismissal of Plaintiff's claim. *See Greene v. U.S. Postal Serv.*, No. 18-1345, 2018 U.S. App. LEXIS 35372 (10th Cir., 2018). The Court also DENIES Plaintiff's motion to withdraw Ms. Cyphers as a named plaintiff (Dkt. No. 4) as moot.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Dismissal without prejudice is appropriate because the minor victim could hypothetically obtain an attorney and pursue his claim. However, both Mr. Greene and Ms. Cyphers are barred from filing an amended complaint in this action.

ORDER
C19-0129-JCC
PAGE - 4